IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
Civil Action No.: 4:22-cv-18

| | | |
|---|---|---|
| EXECUTIVE PERSONNEL GROUP, LLC, | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) | **SARA LEE FROZEN BAKERY, LLC'S** |
| v. | ) ) | **ANSWER AND COUNTERCLAIMS** |
| SARA LEE FROZEN BAKERY, LLC, | ) ) ) | |
| Defendant and Counter-Plaintiff. | ) | |

Defendant Sara Lee Frozen Bakery, LLC ("SLFB"), by and through counsel, and pursuant to Rules 8, 12, and 13 of the Federal Rules of Civil Procedure, hereby files this Answer and asserts the following Counterclaims against Plaintiff Executive Personnel Group, LLC ("EPG") in this action.

## ANSWER AND FIRST DEFENSE

Without waiving any other defenses asserted herein, SLFB responds to the individually-numbered paragraphs of the Complaint as follows:

### RESPONSE TO PARTIES, JURISDICTION, AND VENUE

1.      SLFB admits the allegations of Paragraph 1.

2.      SLFB admits that EPG conducted business within eastern North Carolina during the period relevant to this action. SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 2 and the same are therefore denied.

3.      SLFB admits the allegations of Paragraph 3.

4.      SLFB admits the allegations of Paragraph 4.

5.      SLFB admits the allegations of Paragraph 5.

6.      The allegations of Paragraph 6 state a legal conclusion to which no response is required. To the extent a response is required, SLFB admits that venue was proper in the General Court of Justice, Superior Court Division, Beaufort County, North Carolina prior to the removal of this action.

7.      The allegations of Paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, SLFB admits that the General Court of Justice, Superior Court Division, Beaufort County, North Carolina had personal jurisdiction over the parties prior to the removal of this action.

8.      The allegations of Paragraph 8 state a legal conclusion to which no response is required. To the extent a response is required, SLFB admits that the General Court of Justice, Superior Court Division, Beaufort County, North Carolina had subject matter jurisdiction over this action prior to its removal.

## RESPONSE TO FACTUAL ALLEGATIONS

9.      SLFB re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully set forth herein.

10.     SLFB admits that EPG is a staffing firm that conducted business within eastern North Carolina during the period relevant to this action. SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 10 and the same are therefore denied.

11.     SLFB admits the allegations of Paragraph 11.

12.     SLFB denies the allegations of Paragraph 12.

13.     SLFB admits that on May 9, 2019, Jennifer Cooke, an Account Manager for EPG, and Whitney Sia, a Senior Human Resources Generalist for SLFB, exchanged emails discussing details for a potential staffing arrangement involving the two named candidates. SLFB further admits that Jennifer Cooke and Whitney Sia agreed that additional discussions would follow, upon which time they would "see if both parties think it will work out." SLFB expressly denies that this email exchange constituted an agreement.

14.     SLFB admits that a portion of the May 9, 2019 email exchange between Jennifer Cooke and Whitney Sia is attached to EPG's Complaint as Exhibit A. SLFB expressly denies that the email exchange constituted an agreement.

15.     SLFB denies the allegations of Paragraph 15.

16.     SLFB admits that EPG provided temporary personnel to SLFB from May 2019 until April 2021. Except as specifically admitted, SLFB denies the allegations of Paragraph 16.

17.     SLFB denies the allegations of Paragraph 17.

18.     SLFB admits that it paid the invoices submitted by EPG for work allegedly performed from May 2019 through January 2021. Except as specifically admitted, SLFB denies the allegations of Paragraph 18.

19.     SLFB admits the allegations of Paragraph 19.

20.     SLFB admits the allegations of Paragraph 20. SLFB further admits that it questioned EPG's practices of billing SLFB for work not actually performed.

21.     SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning EPG's review or conclusion of the issue and the same are therefore denied. Except as specifically admitted, SLFB denies the allegations of Paragraph 21.

22.     SLFB admits that EPG contended that SLFB's line supervisors contacted EPG employees directly for work. SLFB further admits that EPG had actual knowledge that SLFB's line supervisors lacked the authority to make any such requests. Except as specifically admitted, SLFB denies the allegations of Paragraph 22.

23.     SLFB admits that EPG contended that its invoices properly reflected the hours worked by EPG personnel as requested by SLFB's line supervisors. SLFB further admits that EPG had actual knowledge that SLFB's line supervisors lacked the authority to make any such requests. Except as specifically admitted, SLFB denies the allegations of Paragraph 23.

24.     SLFB denies the allegations of Paragraph 24.

25.     SLFB admits that on April 9, 2021, EPG sent an email to SLFB alleging that SLFB did not pay all sums invoiced by EPG, as alleged in Paragraph 25. SLFB expressly denies that it owed EPG the sums invoiced.

26.     SLFB admits that EPG's April 9, 2021 email to SLFB is attached to EPG's Complaint as Exhibit B. SLFB expressly denies that the email exchange demonstrates "balances owed to EPG."

27.     SLFB admits that prior to comprehensively auditing EPG's practices, and with respect to EPG's unauthorized staffing practices only (not EPG's overbilling practices evinced by the discrepancies between its invoices and corresponding time clock reports), SLFB initially calculated that it was owed at least $91,231.00 by EPG, exclusive of any overtime work performed, and that it consequently took a credit in this amount.

28.     SLFB admits that EPG contended that it did not overschedule its personnel and that SLFB was not entitled to a credit. Except as specifically admitted, SLFB denies the allegations of Paragraph 28.

29.     SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether or how EPG paid its employees and the same are therefore denied. Except as specifically admitted, SLFB denies the allegations of Paragraph 29.

30.     SLFB admits the allegations of Paragraph 30.

31.     SLFB admits the allegations of Paragraph 31.

32.     SLFB admits the allegations of Paragraph 32.

33.     SLFB admits the allegations of Paragraph 33.

34.     SLFB admits the allegations of Paragraph 34. SLFB further admits that Mr. Shreves' termination was wholly unrelated to any matters at issue in this action.

35.     SLFB admits that on July 21, 2021, following a comprehensive audit of EPG's practices and documentation, SLFB's Operations Controller, Joe Mills, informed EPG that the audit revealed extensive unauthorized staffing practices and overbilling practices by EPG, leading SLFB to dispute amounts that EPG claimed it was owed by SLFB. SLFB expressly denies that this correspondence was contrary to any of its previous representations.

36.     SLFB denies that Exhibit E attached to EPG's Complaint constitutes a "copy" of the July 21, 2021 correspondence sent by Mr. Mills. Exhibit E to EPG's Complaint conspicuously omits an image included in the body of the correspondence sent to EPG.

37.     SLFB admits that the July 21, 2021 correspondence references EPG's extensive unauthorized staffing practices and overbilling practices and concludes that, following a comprehensive audit dating back to August 2020, SLFB was then entitled to a credit in the amount of $521,669.32, exclusive of amounts owed for EPG's unauthorized staffing practices. SLFB's audit data, in the form of an Excel spreadsheet, was contemporaneously shared with EPG for review and comment.

38. SLFB admits that Mr. Mills stated that after accounting for the amounts EPG claimed it was owed, and after applying a credit in the amount of $521,669.32, EPG would owe SLFB $23,203.77, an amount lower than the amount actually calculated. Except as specifically admitted, SLFB denies the allegations of Paragraph 38.

39. SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether EPG conducted an audit or what its findings were and the same are therefore denied. SLFB expressly denies that its audit was erroneous.

40. SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning EPG's records and the same are therefore denied. SLFB expressly denies that it owes EPG any amount.

41. SLFB admits the allegations of Paragraph 41.

42. SLFB admits the allegations of Paragraph 42.

43. SLFB denies the allegations of Paragraph 43.

44. SLFB admits that it did business with Randstad North America, Inc. Except as specifically admitted, SLFB denies the allegations of Paragraph 44.

45. SLFB denies the allegations of Paragraph 45.

46. SLFB denies that Exhibit G attached to EPG's Complaint constitutes a "copy" of the Code of Ethics and Good Practices of the American Staffing Association, as Exhibit G conspicuously omits certain language.

47. SLFB denies the allegations of Paragraph 47.

48. SLFB denies the allegations of Paragraph 48.

**RESPONSE TO FIRST CLAIM FOR RELIEF**

49.     SLFB re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully set forth herein.

50.     The allegations of Paragraph 50 state a legal conclusion to which no response is required. To the extent a response is required, SLFB denies the allegations of Paragraph 50.

51.     The allegations of Paragraph 51 state a legal conclusion to which no response is required. To the extent a response is required, SLFB denies the allegations of Paragraph 51.

52.     The allegations of Paragraph 52 state a legal conclusion to which no response is required. To the extent a response is required, SLFB denies the allegations of Paragraph 52.

53.     SLFB denies the allegations of Paragraph 53, including all subparts.

54.     SLFB denies the allegations of Paragraph 54.

55.     SLFB admits that EPG made a demand for payment. Except as specifically admitted, SLFB denies the allegations of Paragraph 55.

56.     SLFB denies the allegations of Paragraph 56.

57.     SLFB denies the allegations of Paragraph 57.

## RESPONSE TO SECOND CLAIM FOR RELIEF

58.     SLFB re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully set forth herein.

59.     SLFB denies the allegations of Paragraph 59.

60.     SLFB denies the allegations of Paragraph 60.

61.     The allegations of Paragraph 61 state a legal conclusion to which no response is required. To the extent a response is required, SLFB denies the allegations of Paragraph 61.

62.     SLFB denies the allegations of Paragraph 62.

63.     SLFB denies the allegations of Paragraph 63.

64.     SLFB denies the allegations of Paragraph 64.

## RESPONSE TO THIRD CLAIM FOR RELIEF

65.     SLFB re-alleges and incorporates its responses to the preceding paragraphs by reference as if fully set forth herein.

66.     SLFB admits that EPG purports to assert its claim for restitution, quantum meruit, and unjust enrichment in the alternative. SLFB expressly denies that EPG's alternative claim has any merit.

67.     SLFB denies the allegations of Paragraph 67.

68.     SLFB lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning whether or how EPG paid its employees and the same are therefore denied. Except as specifically admitted, SLFB denies the allegations of Paragraph 68.

69.     SLFB denies the allegations of Paragraph 69.

70.     SLFB denies the allegations of Paragraph 70.

71.     SLFB denies the allegations of Paragraph 71.

## RESPONSE TO PRAYER FOR RELIEF

SLFB denies that EPG is entitled to any of the remedies demanded in the prayer for relief.

## SECOND DEFENSE

Any allegations of EPG's Complaint not expressly admitted are hereby denied.

## THIRD DEFENSE

To the extent any of the claims asserted in the Complaint fail to state a claim upon which relief can be granted, they should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## FOURTH DEFENSE

Any amounts that SLFB may owe to EPG are offset by the amounts that EPG owes to SLFB.

## FIFTH DEFENSE

EPG's claims are barred in whole or in part by the doctrine of unclean hands.

## SIXTH DEFENSE

SLFB engaged in no unfair or deceptive trade practices affecting commerce, nor was EPG ever misled by SLFB in any respect.

## SEVENTH DEFENSE

EPG knows or should know that its unfair and deceptive trade practices claim is frivolous or malicious. SLFB hereby give notice that it will seek an award of reasonable attorneys' fees resulting from the defense against the unfair and deceptive trade practices claim asserted by EPG pursuant to N.C. Gen. Stat. § 75-16.1, and to the extent any damages may be awarded to EPG as compensatory damages, that SLFB will seek to have such award be set off against the attorneys' fees sought herein.

## EIGHTH DEFENSE

EPG did not provide any service to SLFB for which EPG was not compensated, if not over-compensated.

## NINTH DEFENSE

At all times relevant hereto, SLFB acted in good faith, and such good faith is pleaded as a bar to each of EPG's claims.

## TENTH DEFENSE

To the extent EPG has suffered any damages, which SLFB denies, EPG's recovery should be reduced or eliminated due to EPG's failure to mitigate its damages.

## ELEVENTH DEFENSE

Any alleged damages incurred by EPG arose as a result of acts or omissions of parties or persons who exceeded the scope of their authority, as known to EPG.

## TWELFTH DEFENSE

EPG's claims are barred by waiver, laches, and/or estoppel.

## THIRTEENTH DEFENSE

EPG's claims are barred by its own fraudulent conduct.

## FOURTEENTH DEFENSE

EPG's claims are barred because no act or omission of SLFB proximately caused the damages allegedly sustained by EPG.

## FIFTEENTH DEFENSE

Any recovery by EPG in this action would constitute unjust enrichment.

## SIXTEENTH DEFENSE

All actions taken by SLFB were justified, legally and factually.

## SEVENTEENTH DEFENSE

SLFB hereby gives notice that it intends to rely on such other and further defenses as may become applicable during discovery in this action and reserves the right to amend its Answer to assert any such defense(s).

# COUNTERCLAIMS AGAINST EPG

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, SLFB alleges against EPG, as a Counter-Defendant, as follows:

## PARTIES AND JURISDICTION

1.     SLFB re-alleges and incorporates its responses to the preceding paragraphs of EPG's Complaint by reference as if fully set forth herein.

2.     EPG is a limited liability company organized under North Carolina law with its principal place of business in North Carolina.

3.     SLFB is a limited liability company organized under Delaware law with its principal place of business in Illinois.

4.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because it is an action of a civil nature between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

5.     This Court has subject matter jurisdiction over SLFB's counterclaims because they are related to EPG's claims in the action such that they form part of the same case or controversy pursuant to 28 U.S.C. § 1367(a).

6.     This Court has personal jurisdiction over the parties.

7.     All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

## FACTUAL BACKGROUND

8.     SLFB re-alleges and incorporates its allegations in the preceding paragraphs by reference as if fully set forth herein.

9.     EPG provides temporary staffing services to businesses within eastern North Carolina.

10.    SLFB is an industry-leading bakery with a portfolio of pies, cakes, pastries, cookies, and more, with baking facilities in Massachusetts, Michigan, North Carolina, and Washington.

11.    SLFB's Tarboro, North Carolina baking facility has been a fixture in the community for over 30 years, employing hundreds of people in the production of a wide array of frozen bakery and desert products.

12.    Beginning in or around 2019, SLFB engaged EPG to assist it with its temporary staffing needs.

13.    EPG was one of several temporary staffing service providers engaged by SLFB. Among other such entities, SLFB also engaged Randstad North America, Inc. ("Randstad"), which SLFB engaged prior to engaging EPG.

14.     At the outset of its engagement, EPG was explicitly instructed that all requests for staffing needed to be made by SLFB's Human Resources personnel or SLFB's Labor Scheduler. No other employees of SLFB, including its managers and supervisors, had the authority to request staffing absent extenuating circumstances.

15.    EPG was repeatedly reminded that only SLFB's Human Resources personnel and SLFB's Labor Scheduler had the authority to request staffing on multiple occasions.

16.    These reminders were made via multiple emails, phone calls, and in-person meetings.

17.    On January 15, 2021, Mike Shreves, SLFB's Human Resources Manager, sent an email to EPG stating, in relevant part, as follows:

**Any requests for additional temp labor or requests to end temp labor should be funneled through HR**. We should not have supervisors and managers communicating directly with agencies to bring labor in or out of the Bakery. The **only** exception to this is when there is an urgent need to end an assignment due to potential risk to the company or individual.

18. A copy of the January 15, 2021 email sent by Mr. Shreves is attached hereto as Exhibit A.

19. On February 25, 2021, Trudy Hudson, SLFB's Senior Labor Scheduler, sent an email to EPG inquiring as to why, on February 24, 2021, over 20 EPG employees who were not requested by SLFB reported to work at SLFB.

20. On February 26, 2021, Lisha Bell, Bakery Controller, sent a follow-up email to EPG, expressing concern regarding "how we have people coming in to work that were not requested" and raising questions concerning EPG allowing this practice to occur.

21. On February 26, 2021, Mr. Shreves sent another email to EPG stating that he did not "understand how these employees came in the Bakery," stating that SLFB would not pay for non-requested EPG employees, and asking what needed to be done to prevent this from occurring again.

22. A copy of the February 25 and 26, 2021 emails sent by Ms. Hudson, Ms. Bell, and Mr. Shreves is attached hereto as Exhibit B.

23. On March 2, 2021, following an in-person meeting to the same effect, Ms. Bell informed EPG via email that SLFB initially calculated that it was owed at least $91,231.00, exclusive of any overtime work performed, for EPG's unauthorized staffing practices alone.

24. EPG's overbilling practices, as evinced by the discrepancies between its invoices and corresponding time clock reports, were not included in this calculation.

25. A copy of the March 2, 2021 email sent by Ms. Bell is attached hereto as Exhibit C.

26. On March 2, 2021, Ms. Bell, Mr. Shreves and Ryan Lippert, Bakery General Manager, met in person with Brandy Keel, EPG's Branch Manager, and another EPG employee at SLFB's Tarboro, North Carolina facility.

27. During the March 2, 2021 meeting, Ms. Bell, Mr. Shreves, and Mr. Lippert informed EPG representatives that EPG's unauthorized staffing practices persisted despite multiple reminders from SLFB that only SLFB's Human Resources personnel and SLFB's Labor Scheduler – not SLFB's managers, supervisors, or other personnel – had the authority to request staffing from EPG.

28. During the same March 2, 2021 meeting, EPG representatives admitted that EPG was responsible for the ongoing unauthorized staffing issue and committed to putting steps in place to ensure that any employees it placed with SLFB would be properly authorized by SLFB.

29. Notwithstanding EPG's March 2, 2021 acknowledgment of its unauthorized staffing practices, within just days of the meeting, Melanie Moore, EPG's Vice President, backtracked on EPG's commitment and maintained that EPG would not accept responsibility for its unauthorized staffing practices.

30. Following EPG's reversal, SLFB decided to comprehensively audit EPG's billing practices and documentation.

31. In conducting its audit, SLFB thoroughly analyzed EPG's invoices – representing the hours billed to SLFB – and the time clock reports of EPG's employees – representing the amount of hours actually worked by EPG's employees – dating back to August 2020, when electronic reporting was made available.

32. Notably, EPG staffed its employees to perform work for SLFB and, upon information and belief, paid its employees in accordance with the hours they actually performed work for SLFB. Accordingly, EPG knew of the discrepancies between its invoices and the amount of time its employees actually performed work.

33. Further, all time clock reports of EPG's employees were reviewed by EPG prior to or contemporaneously with EPG's invoicing of SLFB for such work. Accordingly, EPG knew of the discrepancies between its invoices and its employees' time clock reports.

34. All discrepancies between EPG's invoices and its employees' time clock reports favored EPG. No discrepancies were found that favored SLFB.

35. SLFB's audit revealed that from August 2020 through the date of the audit, EPG had overbilled SLFB in the amount of $521,669.32, inclusive of a duplicative invoice sent by EPG to SLFB in the amount of $23,257.37.

36. Importantly, SLFB's audit excluded the period preceding August 2020, as electronic reporting was not available prior to August 2020. However, SLFB intends to seek all sums lawfully owed to it by EPG – including those represented in the discrepancies preceding August 2020 – in this action.

37. Further, SLFB's audit calculation of $521,669.32 in overbilled sums excluded the amounts due as a result of EPG's unauthorized staffing practices. SLFB's comprehensive audit revealed an additional $96,966.56 – based on a 25% premium assumption, which SLFB has since learned should have been 38% (thereby rendering the $96,996.56 calculation an underestimate) – as a result of unauthorized staffing practices dating back to December 2020 alone. Again, despite this exclusion, SLFB intends to seek all sums lawfully owed to it by EPG – including those represented in the unauthorized staffing practices preceding December 2020 – in this action.

38.     On July 21, 2021, in the interest of transparency, Mr. Mills sent an email to EPG highlighting EPG's unauthorized staffing practices and overbilling practices and describing SLFB's comprehensive audit thereof.

39.     Mr. Mills' email was expressly sent as "a follow up to the prior discussions between SLFB and EPG, where we are including support explanations and data regarding the position of SLFB."

40.     Mr. Mills pointed out that the "significant over-scheduling of employees" by EPG was evident through "a comparison between the SLFB daily request forms submitted to EPG and the 'filled' reports sent to SLFB," which SLFB had previously provided to EPG. EPG thus had actual knowledge of this discrepancy.

41.     Mr. Mills also pointed out that while SLFB "can certainly see how mistakes can happen, the fact that the EPG time card data export is reviewed daily by EPG representative[]s, before sending to SLFB, [SLFB] would have expected that EPG would have been alerted to this billing problem."

42.     Mr. Mills additionally stated that "[g]iven the number of occurrences as well as our repeated instructions to EPG that temporary employees MUST be authorized by SLFB's HR or Scheduler, these occurrences of unauthorized activity would have been known during your daily reviews."

43.     Mr. Mills also provided a full explanation of SLFB's methodology in conducting its comprehensive audit.

44.     Not only did Mr. Mills explain the audit's methodology, but he also provided for EPG's review and comment an Excel spreadsheet offering extensive detail into how all calculations were performed.

45. The Excel spreadsheet shared with EPG revealed, for example, the date, document number, billed amount, and paid amount for each of EPG's invoices within the audit's scope, and the names, position identification numbers, dates worked, hours invoiced by EPG, hours represented on time card data, rates billed to SLFB, and variances therein for each EPG employee who performed work at SLFB within the audit's scope, among additional data and corresponding calculations.

46. A copy of the July 21, 2021 email sent by Mr. Mills is attached hereto as Exhibit D.

47. Despite explaining the nature of the underlying issues and the methodology used in performing SLFB's comprehensive audit, providing EPG with an Excel spreadsheet demonstrating all relevant data points and all corresponding calculations, and inviting EPG's review and comment, EPG failed to materially dispute any of SLFB's calculations, including as to the discrepancies that appear on the face of EPG's invoices and the time clock reports of EPG's employees.

## FIRST CLAIM FOR RELIEF
### FRAUD

48. SLFB re-alleges and incorporates its allegations in the preceding paragraphs by reference as if fully set forth herein.

49. EPG knew of the actual amount of time its employees spent performing work for SLFB, as EPG staffed its employees to perform work for SLFB and, upon information and belief, paid its employees in accordance with the actual amount of hours they performed work for SLFB.

50. EPG also knew of the actual amount of time its employees spent performing work for SLFB, as EPG reviewed all time clock reports or other available time card data for its employees prior to or contemporaneously with its invoicing of SLFB for such work.

51.     Despite knowing of the actual amount of time its employees spent performing work for SLFB, EPG falsely represented the number of hours worked by its employees, and the number of hours recorded in time clock reports or other available time card data, in its invoices to SLFB.

52.     EPG knowingly misrepresented the number of hours worked by its employees, and the number of hours recorded in time clock reports or other available time card data, with the intent and in an effort calculated to deceive SLFB into overpaying EPG.

53.     SLFB was, in fact, deceived by EPG's misrepresentations, as it did not know of the discrepancies until performing its comprehensive audit of EPG's practices, and it had previously paid EPG in accordance with EPG's misrepresented invoices.

54.     SLFB was damaged by EPG's misrepresentations in an amount to be determined at trial. This amount consists of at least $521,669.32 from August 2020 through the date of SLFB's audit. However, EPG seeks all sums lawfully owed to it by EPG – including those derived from misrepresentations preceding August 2020 – in this action.

55.     SLFB also seeks punitive damages for EPG's conduct, as EPG's conduct was fraudulent and willful, as alleged herein.

**SECOND CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES**

56.     SLFB re-alleges and incorporates its allegations in the preceding paragraphs by reference as if fully set forth herein.

57.     EPG knew of the actual amount of time its employees spent performing work for SLFB, as EPG staffed its employees to perform work for SLFB and, upon information and belief, paid its employees in accordance with the actual amount of hours they performed work for SLFB.

58.     EPG also knew of the actual amount of time its employees spent performing work for SLFB, as EPG reviewed all time clock reports or other available time card data for its employees prior to or contemporaneously with its invoicing of SLFB for such work.

59.     Despite knowing of the actual amount of time its employees spent performing work for SLFB, EPG unfairly or deceptively misrepresented the number of hours worked by its employees, and the number of hours recorded in time clock reports or other available time card data, in its invoices to SLFB.

60.     EPG also had actual knowledge and was repeatedly reminded that all requests for staffing needed to be made by SLFB's Human Resources personnel or SLFB's Labor Scheduler, but nonetheless staffed SLFB in an unfair or deceptive effort to extract additional payments from SLFB.

61.     EPG's conduct was in or affecting commerce, as that phrase is defined by N.C. Gen. Stat. § 75-1.1.

62.     SLFB was damaged by EPG's unfair or deceptive acts in an amount to be determined at trial. This amount consists of at least $521,669.32 for overbilling practices from August 2020 through the date of SLFB's audit, and at least $96,966.56 for unauthorized staffing practices from December 2020 through the date of SLFB's audit. However, EPG seeks all sums lawfully owed to it by EPG – including those derived from unfair and deceptive acts preceding August 2020 – in this action.

63.     SLFB is entitled to treble its compensatory damages pursuant to N.C. Gen. Stat. § 75-16.

64.     SLFB is entitled to recover its costs and attorneys' fees pursuant to N.C. Gen. Stat.
§ 75-16.1 due to the willfulness of EPG's conduct and EPG's refusal to resolve the matter
following SLFB's audit, as requested by SLFB.

### THIRD CLAIM FOR RELIEF
### BREACH OF CONTRACT

65.     SLFB re-alleges and incorporates its allegations in the preceding paragraphs by
reference as if fully set forth herein.

66.     An agreement existed between EPG and SLFB that EPG would provide SLFB with
duly authorized temporary staffing in exchange for compensation based on the number of hours
worked by EPG personnel.

72.     EPG breached the parties' agreement by staffing SLFB with employees not duly
authorized by SLFB.

73.     EPG additionally breached the parties' agreement by invoicing SLFB and accepting
payment for amounts that exceeded the actual hours worked by its employees.

74.     SLFB was damaged by EPG's breaches in an amount to be determined at trial. This
amount consists of at least $521,669.32 for overbilling practices from August 2020 through the
date of SLFB's audit, and at least $96,966.56 for unauthorized staffing practices from December
2020 through the date of SLFB's audit. However, EPG seeks all sums lawfully owed to it by EPG
– including those derived from its breaches preceding August 2020 – in this action.

### PRAYER FOR RELIEF

Defendant/Counter-Plaintiff SLFB prays as follows:

1.  That these counterclaims be tried before a jury;

2.  That the Court enter judgment in SLFB's favor on its counterclaims;

3. That the Court order EPG to pay damages to SLFB in an amount to be determined at trial;

4. That the Court treble SLFB's compensatory damages pursuant to N.C. Gen. Stat. § 75-16;

5. That the Court award punitive damages pursuant to EPG's fraudulent and willful conduct;

6. That the Court award SLFB its attorneys' fees and costs; and

7. For such other and further relief as the Court may deem just and proper.


Respectfully submitted this 7th day of March, 2022.


**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**

/s/ Michael B. Cohen
Michael B. Cohen (N.C. Bar No. 50629)
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, NC 27615
Telephone: (919) 787-9700
Facsimile: (919) 783-9412
Email: Michael.Cohen@ogletree.com

*Counsel for Defendant Sara Lee*
*Frozen Bakery, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this date a copy of the foregoing **SARA LEE FROZEN BAKERY, LLC'S ANSWER AND COUNTERCLAIMS** was electronically filed with the Clerk of Court using the CM/ECF system and that the undersigned has served the foregoing upon all parties to this cause in accordance with the Federal Rules of Civil Procedure by depositing a copy thereof, via First Class mail, postage prepaid, addressed to:

> S. McKinley Gray, III
> Xavier D. Lightfoot
> Ward and Smith, P.A.
> P.O. Box 867
> New Bern, NC 28563-0867
> Email: docket@wardandsmith.com
> Email: smg@wardandsmith.com
> Email: xdlightfoot@wardandsmith.com

This the 7th day of March, 2022.

> **OGLETREE, DEAKINS, NASH,**
> **SMOAK & STEWART, P.C.**
>
> /s/ Michael B. Cohen
> Michael B. Cohen (N.C. Bar No. 50629)
> 8529 Six Forks Road
> Forum IV, Suite 600
> Raleigh, NC 27615
> Telephone: (919) 787-9700
> Facsimile: (919) 783-9412
> Email: Michael.Cohen@ogletree.com
>
> *Counsel for Defendant Sara Lee*
> *Frozen Bakery, LLC*